IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02822-PAB-STV

KERI L VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

LOANDEPOT INC.,
THE SAYER LAW GROUP, P.C., and
ROUNDPOINT MORTGAGE SERVICING LLC,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiffs Request for Emergency Injunction to Halt Nonjudicial Foreclosure by Affidavit of Truth and Fact [Docket No. 10].[1]  On November 26, 2024, defendant Roundpoint Mortgage Servicing LLC ("Roundpoint") filed a response.  Docket No. 16.  On December 2, 2024, plaintiffs Keri L. Viegas and James Viegas filed a reply.  Docket No. 19.

---

[1] As explained in the Court's November 12 Order, Docket No. 13, in light of the ambiguity about whether plaintiffs seek a temporary restraining order ("TRO") or a preliminary injunction, the Court construes plaintiffs' motion as one for a preliminary injunction since plaintiffs have not alleged the existence of any exigency that would warrant a TRO pursuant to Federal Rule of Civil Procedure 65(b).  Further, at the time that plaintiffs filed the instant motion, there was no evidence that plaintiffs properly served LoanDepot Inc. and the Sayer Law Group.  Therefore, the Court construes the instant motion as one seeking a preliminary injunction against Roundpoint.

I. **BACKGROUND**

On October 11, 2024, plaintiffs filed the instant case against Roundpoint, a mortgage servicer. Docket No. 1. The complaint asserts claims under the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution. *Id*. at 5. Plaintiffs claim that they have suffered "reputation harm, negative credit reporting and mental anguish injuries due to threats of seizing private land patented property" from a state foreclosure proceeding on plaintiffs' residential property. *Id*. at 4. Plaintiffs seek $8 million in "compensatory relief" for "violations of due process causing harm and monetary loss totaling $8,000,000." *Id*. at 5. On November 8, 2024, Roundpoint filed a motion to dismiss, arguing that res judicata bars plaintiffs from filing the instant suit. Docket No. 8 at 10–13. In 2023, plaintiffs filed suit and asserted claims against Roundpoint that Roundpoint argues are "duplicative" of those in the instant suit. *Id*. at 10. Plaintiffs argue that their claims in the instant suit are "NOT about a past Foreclosure and was filed under 28 USC § 1331 Violation of Civil Rights – 42 USC § 1983 and § 1988 and includes violations of due process of law." Docket No. 15 at 4.

II. **LEGAL STANDARD**

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief

2

must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

### III. ANALYSIS

Plaintiffs' motion for preliminary injunction seeks to bar "the El Paso County Trustee from the sale of private land patented property located at 17 S. Sherwood Glen Monument Colorado 80132." Docket No. 10 at 1. More particularly, plaintiffs want to enjoin a foreclosure sale scheduled for March 12, 2025. *Id*. at 4. In response, Roundpoint argues that all of plaintiffs' claims are barred by res judicata, and thus, for purposes of plaintiffs' preliminary injunction motion, plaintiffs cannot show a substantial likelihood of success on the merits. Docket No. 16 at 7. Plaintiffs reply that "the claims brought by the Plaintiffs have nothing to do with the 2023 case which is still open under Appeal." Docket No. 19 at 5.

"Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit." *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007). The purpose of res judicata is to "preclude[] the parties or their privies from relitigating issues that were or *could have been raised* in the

3

prior action." *Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards,* 314 F.3d 501, 503–04 (10th Cir. 2002) (citation omitted).

### A. Plaintiffs' 2023 Lawsuit Against Roundpoint

On December 14, 2023, plaintiffs filed their first case against Roundpoint (the "2023 Case"). *Viegas v. Kane*, Case No. 23-cv-03291-PAB-MDB, Docket No. 1. In that case, plaintiffs asserted claims under the Fourth and Fifth Amendments of the U.S. Constitution against all defendants, including Roundpoint as the mortgage servicer, for claims arising out of a state foreclosure action regarding plaintiffs' residential property located at 17 S. Sherwood Glen, Monument, Colorado 80132.[2] *Id*. at 3–5. Plaintiffs claimed that Roundpoint violated criminal statutes 18 U.S.C. §§ 241, 242, 474, and 1341 "by colluding to obtain property with a false claim and a security instrument." *Id.* at 5. Furthermore, plaintiffs claimed that Roundpoint violated the Truth in Lending Act, 15 U.S.C. § 1641(g), and a criminal statute, 18 U.S.C. § 1021, because "[a] Chain of Title Analysis was performed by a licensed private investigator proving defendants had no claim to file a foreclosure action." *Id*. at 5–6. On September 10, 2024, the Court accepted the magistrate judge's recommendation that Roundpoint's motion to dismiss be granted and overruled plaintiffs' objections. *Id*., Docket No. 42 at 20–21. The Court dismissed, with prejudice, all of plaintiffs' claims against Roundpoint and entered final

---

[2] The Court takes judicial notice of the docket in *Matrix Fin. Servs. Corp. v. Viegas,* No. 2023CV031029 (El Paso Cnty., Colo. Ct. 2023) ("AUTHORIZING SALE"), a case where the plaintiffs in this case were parties and where the court identified the Viegases' residence as being located at 17 S. Sherwood Glen, Monument, CO 80132. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts").

judgment on September 10, 2024.  *Id.*, Docket No. 42 at 21; Docket No. 43.  On September 17, 2024, plaintiffs filed a notice of appeal of the Court's September 10 Order.  *Id.*, Docket No. 44.  The appeal is pending.  *See Viegas v. Kane*, Case No. 24-1368 (10th Cir. Sept. 18, 2024).

### B. Whether Res Judicata Bars Plaintiffs' Claims

Construing plaintiffs' filings liberally, see *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."), plaintiffs have failed to show a likelihood of success on the merits.  Specifically, plaintiffs have failed to show that res judicata does not apply to their claims based on the 2023 Case.

The Court finds that Roundpoint has shown that the first element of res judicata has been satisfied.  The 2023 Case constitutes a final judgment on the merits of the 2023 claims against Roundpoint.  In that case, the Court dismissed, with prejudice, all of plaintiffs' claims against Roundpoint and entered final judgment.  *Viegas v. Kane*, Case No. 23-cv-03291-PAB-MDB, Docket No. 43.  Plaintiffs' pending appeal of the final judgment in that case does not affect the judgment's finality.  "It is well settled that 'a final judgment retains all of its res judicata consequences pending decision of the appeal.'"  *Wexler v. United States*, 961 F.2d 221, 1992 WL 74167, at *1 (10th Cir. Apr. 7 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* § 4433, at 308 (1981)).  As to the second element, the Court finds that parties in the instant case and the 2023 Case – plaintiffs and Roundpoint – are identical.

Regarding the third element, the Court finds that the instant suit is based on the same cause of action as the 2023 Case. *In re Mersmann*, 505 F.3d at 1049.  Where a plaintiff brings two suits related to a foreclosure proceeding and where the two suits "concern the same claims or claims that could have been brought about the same loan and subject real estate," the suits constitute the "same cause of action" for res judicata purposes.  *See Knowles v. Bank of New York Mellon*, No. 13-cv-01974-PAB-MJW, 2013 WL 5399371, at *4–5 (D. Colo. Sept. 26, 2013).  In *Knowles*, the plaintiffs brought an action against the defendant for "quiet title and wrongful foreclosure" regarding the same loan and real property that was at issue in a 2012 federal case that the plaintiffs filed against the same defendant.  *Id*. at *4.  In the 2012 case, plaintiffs challenged the defendant's foreclosure action regarding their property, bringing claims "for lack of standing to foreclose, wrongful foreclosure, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, intent to defraud and deceive, quit title, and slander of title."  *Id*.  The court dismissed the 2012 case and entered final judgment.  *Id*.  In the 2013 case, the Court held that res judicata barred plaintiffs' claims because the 2012 case "concern[ed] the same claims or claims that could have been brought about the same loan and subject real estate."  *Id*. at *5.

Likewise, here, plaintiffs' claims in the 2023 Case relate to the "same loan and subject real estate."  *Id*.  In the 2023 Case, plaintiffs alleged that Roundpoint violated their 4th and 5th Amendment rights by "collud[ing] to take private land patented freehold property with a fraudulent security instrument forcing plaintiff's mental anguish and distress thus violating several Title 15 and 18 US Codes."  *Viegas v. Kane*, Case No. 23-cv-03291-PAB-MDB, Docket No. 1 at 4–5.  Plaintiffs were challenging a state

foreclosure proceeding on 17 S. Sherwood Glen, Monument, Colorado 80132. *Matrix Fin. Servs. Corp.*, 2023CV031029 ("AUTHORIZING SALE"). In the instant case, plaintiffs' claims relate to state foreclosure proceedings on the same property and regarding the same mortgage. Docket No. 1-2 at 12. Plaintiffs again claim that Roundpoint violated their "4th, 5th, and 7th Amendments by threats to extort funds and seize private land patented property without due process" through Roundpoint's role in the foreclosure proceedings as the mortgage servicer. Docket No. 1 at 5. Although plaintiffs bring a Seventh Amendment claim in the instant case based on deprivation of "a trial by a jury of peers regarding claims accused against the Plaintiffs," *id*. at 4, which they did not assert in the 2023 Case, plaintiffs do not explain why they could not have bought this Seventh Amendment claim in the 2023 Case. The Court does not find any reason that plaintiffs could not have done so. *See Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1069 (D. Colo. 2013). Therefore, the instant case is based on the same claims that could have been brought in the 2023 Case.

   Fourth, plaintiffs had the full and fair opportunity to litigate their claims in the 2023 Case. A court will find that parties were deprived of a "full and fair opportunity" to litigate their claims if "there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 480–81 (1982). Plaintiffs have provided no indication that they did not have a full and fair opportunity in the 2023 Case to litigate their claims, and plaintiffs were not prevented from filing an appeal. *See Knowles*, 2013 WL 5399371, at *4.

   Roundpoint has shown that that the four elements of res judicata are satisfied. The 2023 Case ended in a judgment on the merits, the parties are identical, the two

7

Case No. 1:24-cv-02822-PAB-STV    Document 26    filed 12/17/24    USDC Colorado
pg 8 of 8

suits are based on the same cause of action, regarding the same property and mortgage, and plaintiffs had a full and fair opportunity to litigate their claims in the 2023 Case. *In re Mersmann*, 505 F.3d at 1049. Res judicata applies to plaintiffs' claims against Roundpoint in the instant suit based on the 2023 Case. Accordingly, plaintiffs have not demonstrated that they are likely to succeed on the merits of their claims, and the Court will deny their motion for a preliminary injunction. *See Okla. v. United States Dep't of Health & Hum. Servs.,* 107 F.4th 1209, 1228 n.19 (10th Cir. 2024) (citing *Warner v. Gross*, 776 F.3d 721, 736 (10th Cir. 2015)) (where the movant fails to show a likelihood of success on the merits, the court "need not consider the other elements of a preliminary injunction").

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs Request for Emergency Injunction to Halt Nonjudicial Foreclosure by Affidavit of Truth and Fact [Docket No. 10] is **DENIED.**

DATED December 17, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge