IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02822-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

Plaintiffs,

v.

LOANDEPOT INC.,
THE SAYER LAW GROUP, P.C., and
ROUNDPOINT MORTGAGE SERVICING LLC,

Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter comes before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 41]. The Court has jurisdiction pursuant to 28 U.S.C § 1331. Plaintiffs Keri L. Viegas and James Viegas, Docket No. 42, and defendant Roundpoint Mortgage Servicing LLC ("Roundpoint"), Docket No. 43, filed timely objections to the recommendation.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 41 at 2-4, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On October 11, 2024, plaintiffs filed the instant case against Roundpoint, the Sayer Law Group, P.C. ("Sayer Law"), and loanDepot Inc. ("loanDepot"). Docket No. 1.

The complaint asserts claims under the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution. *Id*. at 5. Plaintiffs assert causes of action under 18 U.S.C. § 242 and 42 U.S.C. § 1988. *Id.* at 3; Docket No. 1-1. Plaintiffs claim that they have suffered "reputation harm, negative credit reporting and mental anguish injuries due to threats of seizing private land patented property" from a state foreclosure proceeding on plaintiffs' residential property. Docket No. 1 at 4. Plaintiffs seek $8 million in "compensatory relief" for "violations of due process causing harm and monetary loss totaling $8,000,000." *Id*. at 5.

On November 8, 2024, Roundpoint filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that plaintiffs' complaint does not comply with Fed. R. Civ. P. 8, fails to state a valid claim, and is barred by res judicata. Docket No. 8. On November 27, 2024, loanDepot filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), asserting that it did not receive sufficient service of process and the plaintiffs' complaint does not comply with Rules 8 and Fed. R. Civ. P. 9 and does not state a valid claim. Docket No. 18. On December 20, 2024, Sayer Law filed a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6), asserting that plaintiffs' complaint does not comply with Rules 8 and 9 and does not state a valid claim. Docket No. 29. Plaintiffs filed responses to the motions to dismiss. Docket Nos. 15, 25, 36. Roundpoint and loanDepot filed replies in support of their motions to dismiss. Docket Nos. 21, 32.

On April 11, 2025, Magistrate Judge Scott T. Varholak issued a recommendation that defendants' motions to dismiss be granted and that all of plaintiffs' claims be dismissed with prejudice. Docket No. 41 at 13. The magistrate judge recommends that

defendants Roundpoint and Sayer Law's requests for attorney's fees be denied without prejudice. *Id.*

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

The Court construes plaintiffs' filing as raising three objections. *See* Docket No. 42 at 1-6.

### A. Plaintiffs' First Objection

Plaintiffs appear to object to the magistrate judge's alleged finding that res judicata bars plaintiffs from bringing their claims against Roundpoint and Sayer Law based on *Viegas v. Kane,* No. 23-cv-03291-PAB-MDB (D. Colo. 2023) ("*Viegas I*"), a prior case filed by plaintiffs. *See* Docket No. 42 at 2-3. Specifically, they argue that this "cause of action is not based on any other cases or causes of action," but are rather "NEW and DIFFERENT actions by the DEFENDANTS [that] occurred in October/November 2024 and having [sic] nothing to do with a 2023 case." *Id.* at 2. However, the magistrate judge recommends denying defendants' motion to dismiss "to the extent that they rely upon claim preclusion." Docket No. 41 at 7. Based on the "scant allegations" in the complaint, the magistrate judge finds that "it is entirely unclear what transpired between the parties in this case and whether Plaintiffs could have raised these claims" in prior cases. *Id.* To the extent that plaintiffs object to the magistrate judge's reference to *Viegas I* in the background section of the recommendation, the Court overrules that objection. Plaintiffs do not identify how this portion of the recommendation affected the magistrate judge's analysis. Accordingly, the Court will overrule plaintiffs' first objection.

### B. Plaintiffs' Second Objection

Plaintiffs appear to object to the magistrate judge's recommendation that their claims for violation of the Fourth, Fifth, and Seventh Amendments pursuant to § 1983

be dismissed for failure to allege a plausible cause of action pursuant to Rule 12(b)(6) and Rule 8. *See* Docket No. 42 at 4-5. Plaintiffs argue that the magistrate judge's recommendation does "not consider the details provided in the complaint or the unrebutted Affidavits of Truth and Fact which are **evidence** according to the Federal Rules of Civil Procedure." *Id*. at 4. Plaintiffs contend that there is "no evidence provided by Chief Magistrate Varholak stating that the Defendants did not harm the Plaintiffs." *Id.* They argue that there is "no evidence" that "Defendants . . . did not violate the 4th and 5th Amendments of the Constitution," "no evidence that the Defendants' foreign agents did not commit fraud upon the court," and "no evidence that the Defendants' foreign agents did not knowingly provide false information to misdirect the court and continue to act with unclean hands." *Id*. Plaintiffs further argue that "[n]o where [sic] are statements provided from the complaint or the responses validating the recommendations." *Id.*

The magistrate judge finds that there are "no facts supportive of a constitutional violation by Defendants." Docket No. 41 at 9. The magistrate judge also concludes that plaintiffs fail to "allege any specific dates, nor do they specify what actions each Defendant took, how they were involved in seizing the private property, how they were denied due process, how they were involved in extortion or why an improperly recorded Note is relevant to constitutional claims." *Id*. at 9-10.

Plaintiffs' objection is not specific because it does not explain why the magistrate judge's legal conclusion is erroneous. *See One Parcel*, 73 F.3d at 1059. Plaintiffs do not explain why the alleged lack of "evidence" rebutting plaintiffs' allegations frees plaintiffs of their obligation to provide a "short and plain statement of the claim" showing

that they are "entitled to relief" as required by Rule 8. Fed. R. Civ. P. 8(a)(2). "Rule 8 places the burden squarely upon Plaintiff to succinctly state their claims, and it is neither Defendants' nor the Court's duty to sift through the complaint and guess which factual allegations support which claims." *Washburn v. Kingsborough Cmty. Coll.,* 2022 WL 843733, at *2 (E.D.N.Y. Mar. 22, 2022) (quotations, alternations, and citation omitted). Plaintiffs argue that the magistrate judge erred in not "consider[ing] the details provided in the complaint or the unrebutted Affidavits of Truth and Fact." Docket No. 42 at 4. Yet, plaintiffs fail to point to any specific "details" that the magistrate judge failed to consider and that would bring the complaint into compliance with Rule 8. In particular, plaintiffs do not address the magistrate judge's finding that the plaintiffs do not "allege any specific dates, nor do they specify what actions each Defendant took, how they were involved in seizing the private property, how they were denied due process, how they were involved in extortion or why an improperly recorded Note is relevant to constitutional claims." Docket No. 41 at 9-10. The Court agrees with the magistrate judge's analysis and will overrule plaintiffs' second objection.[1]

### C. Plaintiffs' Third Objection

Plaintiffs argue that they have "inalienable rights to dispel lies and deceit provided to the Court and are afforded the right to a hearing." Docket No. 42 at 2. The

[1] The magistrate judge recommends plaintiffs' claims that allege violations of the Fourth, Fifth, and Seventh Amendments be dismissed with prejudice because "Plaintiffs have caused Defendants and the court significant time and resources on what appear to be entirely meritless claims." Docket No. 41 at 12 (citation omitted). Plaintiffs do not object to the magistrate judge's recommendation that their claims be dismissed with prejudice. Finding "no clear error" in the magistrate judge's recommendation, the Court will accept the recommendation that dismissal be with prejudice. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

magistrate judge determined that "oral argument would not materially assist in the disposition of the Motions." Docket No. 41 at 1-2. Plaintiffs cite *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024), for the proposition that they be "afforded a hearing." Docket No. 42 at 1. However, *Jarkesy* does not support plaintiffs' argument that a magistrate judge is required to hold oral argument before ruling on a motion to dismiss. Rather, "it is well-established that parties do not have a constitutional right to oral argument." *Delman v. GEP Cencast, LLC*, 2009 WL 3415897, at *1 (C.D. Cal. Oct. 21, 2009). Furthermore, D.C.COLO.LCivR 7.1(h) provides that a "motion may be decided without oral argument at the discretion of the court." Rule 78(b) of the Federal Rules of Civil Procedure states that, "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b). Because plaintiffs have identified no error of law, the Court will overrule plaintiffs' third objection.[2]

**D. Roundpoint's Objection**

Roundpoint objects to the magistrate judge's recommendation in part. Docket No. 43. While Roundpoint agrees that all claims should be dismissed with prejudice, Roundpoint argues that res judicata also supports dismissal of the claims. *Id.* at 1. In the Court's December 17, 2024 order denying plaintiffs' motion for a preliminary injunction, the Court found that plaintiffs failed to show a likelihood of success on the merits because they failed to show that res judicata did not apply to their claims based

[2] The magistrate judge recommends that all of plaintiffs' claims brought under 18 U.S.C. § 242 and 42 U.S.C. § 1988 be dismissed with prejudice because amendment would be futile. *See* Docket No. 41 at 8-9. Plaintiffs do not object to the magistrate judge's recommendation that their claims be dismissed with prejudice. Finding "no clear error" in the magistrate judge's recommendation, the Court will accept the recommendation that dismissal be with prejudice. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

on *Viegas I*. Docket No. 26 at 5. Roundpoint requests that the Court adopts its findings from the December 17, 2024 order in reviewing the magistrate judge's recommendation and find that res judicata applies. Docket No. 43 at 6-7.

The magistrate judge recommends that defendants' motion to dismiss be denied "to the extent that they rely upon claim preclusion" given that he "cannot conclude that the causes of action in *Viegas I* and Instant Action are identical" based on the "the scant allegations in the Complaint." Docket No. 41 at 7. Roundpoint does not explain how the magistrate judge declining to reach the issue of res judicata affects the magistrate judge's recommendation that plaintiffs' claims be dismissed with prejudice. *See Wishnefsky v. Salameh*, 2016 WL 7324080, at *3 (W.D. Pa. Dec. 16, 2016) (the "objection is without merit because it has no effect on the Magistrate Judge's recommendation as to the disposition of his claims"); *Owens v. Real Time Resols., Inc.*, 2018 WL 1895518, at *2 (N.D. Ga. Feb. 2, 2018) ("This issue would have no effect on [plaintiff's] other claims or their disposition in the R&R and, thus, this objection is also without merit."). Furthermore, the Court's findings on a preliminary injunction motion are not binding under the law of the case doctrine regarding a motion to dismiss. Where a "previous decision came on a motion for a preliminary injunction, it is not the law of the case for the purposes of this motion to dismiss" because "the legal standards are distinct and the legal burdens are different." *Nw. Fed. Credit Union v. SBC Fin., LLC*, 2017 WL 7737324, at *2, *3 (E.D. Va. Jan. 18, 2017). Accordingly, the Court will overrule Roundpoint's objection.[3]

[3] The magistrate judge recommends that Roundpoint's request for attorney's fees be denied without prejudice. Docket No. 41 at 13. Roundpoint "objects and notes that this issue is not yet ripe, as RoundPoint has not yet filed its motion for award of

### E. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs Objection to Recommendation of United States Magistrate Judge by Affidavit of Truth and Fact [Docket No. 42] is **OVERRULED**. It is further

**ORDERED** that defendant Roundpoint's Partial Objection to Magistrate Judge's Recommendation [Docket No. 43] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of the United States Magistrate Judge [Docket No. 41] is **ACCEPTED**. It is further

**ORDERED** that the defendant Roundpoint's Motion to Dismiss Complaint [Docket No. 8] is **GRANTED**. It is further

**ORDERED** that defendant loanDepot's Motion to Dismiss [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that defendant Sayer Law's Motion to Dismiss [Docket No. 29] is **GRANTED**. It is further

---

attorney's fees and costs." Docket No. 43 at 7. Because Roundpoint indicates that it intends to file a motion for attorney's fees and the magistrate judge recommends denying the request without prejudice, the Court will overrule Roundpoint's objection.

**ORDERED** that plaintiffs' claims against Roundpoint are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiffs' claims against loanDepot are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's claims against Sayer Law are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED May 20, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge