IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02822-PAB-STV

KERI L VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

LOANDEPOT INC,
THE SAYER LAW GROUP, P.C., and
ROUNDPOINT MORTGAGE SERVICING LLC,

    Defendants.

---

## ORDER

---

This matter comes before the Court on Roundpoint Mortgage Servicing LLC's Motion for an Award of Attorney's Fees [Docket No. 49]. Plaintiffs did not file a response.

### I. BACKGROUND

On October 11, 2024, plaintiffs filed this case against Roundpoint Mortgage Servicing LLC ("Roundpoint"), the Sayer Law Group, P.C. ("Sayer Law"), and LoanDepot Inc. ("LoanDepot"). Docket No. 1. The complaint asserted claims under the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983, as well as under 18 U.S.C. § 242 and 42 U.S.C. § 1988. *Id.* at 3, 5; Docket No. 1-1. Plaintiffs claimed that they have suffered "reputation harm, negative credit reporting and mental anguish injuries due to threats of seizing private land patented

property" from a state foreclosure proceeding on plaintiffs' residential property. Docket No. 1 at 4. Plaintiffs sought $8 million in "compensatory relief" for "violations of due process causing harm and monetary loss totaling $8,000,000." *Id*. at 5.

On November 8, 2024, Roundpoint filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that plaintiffs' complaint did not comply with Fed. R. Civ. P. 8, failed to state a valid claim, and was barred by res judicata. Docket No. 8. On November 27, 2024, LoanDepot filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), asserting that it did not receive sufficient service of process and the plaintiffs' complaint did not comply with Rules 8 and Fed. R. Civ. P. 9 and did not state a valid claim. Docket No. 18. On December 20, 2024, Sayer Law filed a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6), asserting that plaintiffs' complaint did not comply with Rules 8 and 9 and did not state a valid claim. Docket No. 29. Plaintiffs filed responses to the motions to dismiss. Docket Nos. 15, 25, 36. Roundpoint and LoanDepot filed replies in support of their motions to dismiss. Docket Nos. 21, 32.

On April 11, 2025, Chief Magistrate Judge Scott T. Varholak issued a recommendation that defendants' motions to dismiss be granted and that all of plaintiffs' claims be dismissed with prejudice. Docket No. 41 at 13. The magistrate judge recommended that defendants Roundpoint and Sayer Law's requests for attorney's fees be denied without prejudice because the request did not comply with the Local Rules of this District. *Id.* Specifically, the magistrate judge held that Roundpoint and Sayer Law did not seek attorney's fees by separate motion, did not provide an affidavit in support of the motion, did not include a summary of relevant qualifications and experience of counsel, and did not provide a detailed description of the services rendered, the amount

of time spent, the hourly rate charged, and the total amount claimed.  *Id.*  On May 20, 2025, the Court accepted the recommendation.  Docket No. 44.  The Court reserved consideration of Roundpoint's request for attorney's fees until Roundpoint filed a motion that complied with the Local Rules.  *See id.* at 8 n.3.  Roundpoint filed its motion on June 3, 2025.  Docket No. 49.

## II.   ANALYSIS

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (citation omitted).  Section 1988(b) provides: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988.  Although "a prevailing plaintiff should ordinarily recover an attorney's fee" under this provision, "a prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 & n.2 (1983).  "This is a high bar for a prevailing defendant to meet."  *Utah Animal Rights Coalition v. Salt Lake Cnty.*, 566 F.3d 1236, 1245 (10th Cir. 2009).  The Tenth Circuit has cautioned, "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."  *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000).

Roundpoint argues that plaintiffs' claims against Roundpoint were frivolous because they were "wholly unsupported and deficient," citing the magistrate judge's

finding, Docket No. 49 at 6-7, and because these same claims have been dismissed in *Viegas v. Kane*, Case No. 23-cv-03291-PAB-MDB (D. Colo. 2023), and *Viegas v. Rojas*, Case No. 24-cv-03174-PAB-STV (D. Colo. 2024). *See id.* at 1-5. At the time that plaintiffs filed this case, the Court had only issued an order dismissing plaintiffs' complaint in *Kane*. *See Kane*, Docket No. 42. In *Kane*, the Court found that plaintiffs failed to state Fourth and Fifth Amendment claims against Roundpoint because they did not plausibly allege that Roundpoint engaged in conduct that is attributable to the state. *Id.* at 15. Regarding plaintiffs' 18 U.S.C. §§ 241, 242, 474, 1021, and 1341 claims, the Court found that plaintiffs could not bring a claim under federal criminal statutes which do not create private rights of action. *Id.* at 11. The Court accepted the magistrate judge's recommendation that plaintiffs' 15 U.S.C. § 1641(g) claim be dismissed because there were no allegations suggesting how the defendants violated that statute. *See id.* at 3, 21. The Court dismissed all claims against Roundpoint with prejudice because it agreed with the magistrate judge that "Plaintiffs have caused Defendants and the Court significant time and resources on what appear to entirely meritless claims about a foreclosure action that has long been resolved in state court." *See id.* at 19-20 (citation omitted).

Plaintiffs appealed the Court's order in *Kane*. *Id.*, Docket No. 44. On July 25, 2025, after plaintiffs had filed this case, the Tenth Circuit issued its judgment in *Kane* and vacated the Court's rulings on plaintiffs' Fourth and Fifth Amendments claims. *Id.*, Docket No. 49 at 7-8. The Tenth Circuit ordered the Court to dismiss those claims without prejudice for lack of subject matter jurisdiction under *Rooker-Feldman* and otherwise affirmed the Court's September 10, 2024 order. *Id.*

In this case, the Court dismissed plaintiffs' Fourth, Fifth, and Seventh Amendment claims with prejudice because plaintiffs failed to allege facts that supported a constitutional violation and again failed to plausibly allege that Roundpoint's conduct was attributable to the state.  Docket No. 44 at 4-6.  The Court accepted the magistrate judge's recommendation that plaintiffs' 18 U.S.C. § 242 claim be dismissed with prejudice because 18 U.S.C. § 242 does not provide for a private cause of action.  *Id.* at 7 n.2.  The Court also agreed that plaintiffs' 42 U.S.C. § 1988 claim must be dismissed because that statute does not create an independent cause of action.  *Id.*  Plaintiffs appealed the Court's order to the Tenth Circuit.  Docket No. 46.  On August 27, 2025, the Tenth Circuit dismissed the appeal for lack of prosecution.  Docket No. 52.

"Attorney fees are not available against a pro se litigant unless the action is 'meritless in the sense that it is groundless or without foundation.'"  *Olsen v. Aebersold*, 149 F. App'x 750, 753 (10th Cir. 2005) (unpublished) (quoting *Hughes v. Rowe,* 449 U.S. 5, 14 (1980)).  Furthermore, a district court should "consider the pro se plaintiff's ability to recognize the objective merit of his or her claim."  *Houston v. Norton*, 215 F.3d 1172, 1175 (10th Cir. 2000).  "The mere fact that a plaintiff has filed numerous lawsuits in the past does not support the imposition of fees."  *Id.*  "[W]hen the plaintiff is pro se, an attorney's fee award in favor of the defendant is even more rare."  *Weston v. Smith*, 384 F. App'x 696, 698 (10th Cir. 2010) (unpublished).

The Court cannot find that plaintiffs recognized an objective lack of merit of their claims where, at the time of filing this case, *Kane* was pending on appeal and the Court's findings on the Fourth and Fifth Amendment claims were ultimately vacated and ordered to be dismissed pursuant to *Rooker-Feldman.*  Furthermore, "the complexities

5

of the law regarding jurisdiction and abstention" recommend against imposing attorney's fees on plaintiffs.  *Tannehill v. Tannehill*, 2019 WL 847946, at *10 (W.D. La. Jan. 23, 2019), *report and recommendation adopted*, 2019 WL 847445 (W.D. La. Feb. 21, 2019).  Therefore, the Court declines to award Roundpoint its attorney's fees associated with defending against plaintiffs' Fourth and Fifth Amendment claims.  *See Norton v. Columbus Cnty. Dep't of Soc. Servs.,* 2018 WL 6037520, at *3 (E.D.N.C. Nov. 15, 2018) (declining to award prevailing defendant its attorney's fees where "it is not evident that this *pro se* plaintiff was aware, or should have been aware, that the *Rooker-Feldman* doctrine prohibits jurisdiction by this court or that he filed this action in bad faith"); *Murray v. Dep't of Consumer & Bus. Servs.*, 2010 WL 3604657, at *12 (D. Or. Aug. 12, 2010), *report and recommendation adopted,* 2010 WL 3604536 (D. Or. Sept. 10, 2010) (recommending that defendant not be awarded attorney's fees because, "[w]hile plaintiff's claims do not survive a motion to dismiss, the recommended ruling herein is based on a number of legal theories, some of which, such as the Eleventh Amendment and *Rooker–Feldman,* are challenging to understand and apply even for many attorneys").

Plaintiffs' Seventh Amendment claim was dismissed because plaintiffs failed to allege sufficient facts in support of a constitutional violation.  *See* Docket No. 44 at 4-6.  When this case was filed, plaintiffs had not received a ruling on their Seventh Amendment claim against Roundpoint.  They did not bring a Seventh Amendment claim in *Kane*.  In *Kane*, plaintiffs also did not bring a claim pursuant to 42 U.S.C. § 1988 and thus had not received a finding on that claim.  While plaintiffs were on notice that their § 242 claim does not provide a private cause of action, the Court does not find that this

6

is the rare case that is "sufficiently frivolous to justify imposing attorney fees on the plaintiff."  See Mitchell, 218 F.3d at 1203; see also Jones v. City of Moore, 2025 WL 864833, at *6 (W.D. Okla. Mar. 19, 2025) (finding defendant's argument that plaintiff "has continued to bring claims which are either inactionable, without legal basis, or riddled with procedural defects" insufficient to justify imposing attorney's fees because, "[g]iven the high standard for assessing attorney's fees against a pro se plaintiff in a Section 1983 action, the Court finds that Defendants have failed to establish that Plaintiff's action was vexatious, frivolous, or brought to harass Defendants").  Because Roundpoint has not met the "high bar" that a prevailing defendant must meet in order to receive attorney's fees, the Court will deny its motion for attorney's fees pursuant to 42 U.S.C. § 1988.  See Utah Animal Rights Coalition, 566 F.3d at 1245.[1]

Roundpoint also argues that it is entitled to attorney's fees under the Note and Deed of Trust that secures plaintiffs' property.  See Docket No. 49 at 8-10.  The Deed of Trust provides in relevant part:

> if (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument then

---

[1] Roundpoint argues that it is entitled to attorney's fees under Colo. Rev. Stat. § 13-17-102, see Docket No. 49 at 7-8, which "provides for an award of attorney fees against an attorney or party who 'brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.'" W. Ridge Grp., L.L.C. v. First Tr. Co. of Onaga, 431 F. App'x 656, 660 (10th Cir. 2011) (internal quotation omitted) (citing Colo. Rev. Stat. § 13-17-102(2)).  "The phrase lacked substantial justification means substantially frivolous, substantially groundless, or substantially vexatious." Id. (internal quotation and citation omitted).  Roundpoint, however, does not explain why it would be entitled to attorney's fees pursuant to § 13-17-102 when plaintiffs did not bring a claim under state law.  Plaintiffs brought claims under the Fourth, Fifth, and Seventh Amendments, 18 U.S.C. § 242, and 42 U.S.C. § 1988.  See Docket No. 44 at 2.  Even if plaintiffs did bring a claim under state law, the Court finds that this action is not sufficiently frivolous for the same reasons that the Court finds attorney's fees are not warranted under 42 U.S.C. § 1988.

> Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, *Lender's actions can include, but are not limited to: (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument*.

*Id.* at 8-9 (alterations and quotations omitted) (quoting Docket No. 49-5 at 5). Roundpoint contends that plaintiffs "initiated this lawsuit with the express purpose of avoiding foreclosure, which is one of the Lender's rights under the Security Instrument." *Id.* at 9. Roundpoint also argues that, as the loan servicer, it is charged with enforcing the loan for the owner and holder of the loan, MSR Holdings, and that plaintiffs' suit seeking to enjoin Roundpoint had the intended effect of preventing MSR Holdings from "foreclosing to enforce [the] Deed of Trust." *Id.* Therefore, Roundpoint states that it should be entitled to an award of attorney's fees on behalf of MSR Holdings under the terms of the Deed of Trust. *Id.*

Roundpoint, as the mortgage servicer, has no interest in plaintiffs' property and does not identify any interest it has under the Deed of Trust. *See* Docket No. 49-5. Thus, the Court finds that it is not entitled to attorney's fees under the terms of the Deed of Trust, which states that a party may only recover for costs accrued in connection to "a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument." *See* Docket No. 49-5 at 5. Even if Roundpoint did have an interest in plaintiffs' property as contemplated by the Deed of Trust, plaintiffs' claims do not significantly affect Roundpoint's interest in the property at issue. Plaintiffs seek "$4,000,000 in compensatory relief to each Plaintiff for violations of due process causing harm and monetary loss" from Roundpoint. Docket No. 1 at 5. If plaintiffs had prevailed on their claims, Roundpoint's interest in the property would not

8

have been significantly affected by plaintiffs' monetary claims for relief.  *See W. Ridge Grp*, 431 F. App'x at 658, 661 (affirming the district court's determination "that the deed of trust provision was inapplicable because the lawsuit did not directly implicate any of the terms in the Deed of Trust and could not be characterized as one that 'materially affects' defendants' interest in the Property") (internal quotations, citations, and alterations omitted).

### III. CONCLUSION

Therefore, it is

**ORDERED** that Roundpoint Mortgage Servicing LLC's Motion for an Award of Attorney's Fees [Docket No. 49] is **DENIED**.

DATED February 24, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge